Judge Owsley
delivered the Opinion of the Court.
This writ of error is prosecuted to reverse a judgment which was recovered by Campbell in an action brought against him in the court below, by Wiley, for speaking slanderous words.
The trial was had upon the general issue, and the jury were instructed by the court to find as in casé of a nonsuit, upon the motion of Campbell. The question is, was the court correct in giving the instruction to the jury?
The reason which influenced the court to give the instruction, is no where suggested in the record, and none is perceived by us which, in our opinion, can sustain the judgment. The declaration contains two counts, each of which in substance alleges the speaking of slanderous words by Campbell, which go to charge Wiley with having sworn falsely, as a witness in a suit that had been depending in the Madison circuit, between Banton and wife and Campbell’s heirs, and the evidence upon which the instruction of the court was given, in our opinion, not only proves the speaking by Campbell, of slanderous words, for which an action is maintainable by Wiley, but moreover, the words proved to have been spoken by Campbell, agree in every essential point with those laid in the declaration. The only varinace between the words proved and those laid in the declaration, and that upon which it is presumed the court below was induced to give the instruction tp the jury, consists in this» the declara. *561 ilon, after stating, that a suit had beck brought by Banton and wife against Campbell’s heirs, and after alleging that Wiley’s deposition bail been taken before á justice of the peace, to be used as evidence in that cause, charges Campbell with having said, in speaking .of that suit, that Wiley swore a lie, &c. whereas, instead of corresponding literally with the statements in the declaration, the evidence proves that Anderson-, who had married one of‘the heirs of Campbell, and who was one of the defendants to the suit brought by Banton and wife, had filed a cross hill to the bill of Banton and wile, making Campbell, who was one of the heirs, party, and that Wiley’s deposition had been taken before a justice of the peace, by Anderson, to be used as evidence on the hearing of his cross bill, and that Campbell, the defendant, said that Wiley had sworn a lie against him', in the suit brought by Anderson against him. .Now, although, technically, speaking it is undoubtedly true that the cross bill of Anderson is not the suit which was brought by Banton and wife against the heirs of Campbell, yet as they are cross suits, and both were depending at the same time, and both involving controversy between par - ties all of whom aré heirs of Campbell, the discrepancy between the evidence, as to the suit in which the deposition of Wiley was taken, and in which he -was charged by Campbell with having sworn a lie, and the statéments in the declaration, is not of a character which, in our opinion, was calculated to surprise the defendant on the trial, and should not have induced the court, on account of any variance, to instruct the jury to find as in case of a nonsuit.
Goodloe, for plaintiff; Turner and Caperton, £o;: .defendant.
The judgment must be reversed with cost, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.